# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**ROGER LEE SMITH**,

        Petitioner,

v.                                      **Civil Action No. 5:19-CV-145**
                                                     Judge Bailey

**CHRISTOPHER GOMEZ**, Warden

        Respondent.

## ORDER DISMISSING CASE

Pending before this Court is the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. This case is before the Court upon preliminary review.

In his Petition, the petitioner contends that his Federal sentence was impermissibly made to run consecutively to his state sentence. The facts underlying the argument are as follows:

    1.    In June, 1991, the petitioner pled guilty in the Circuit Court of Barbour County, West Virginia, to one count of armed robbery;

    2.    By Order entered November 27, 1992, the Circuit Court sentenced the petitioner to 100 years in the West Virginia State Penitentiary to be "served concurrently with any and all sentences herefore imposed upon the defendant in regard to charges arising from acts occurring in Doddridge County, West Virginia in June or July of 1990 in regard to two bank robberies in Doddridge County, West Virginia;

    3.    On February 21, 1992, the petitioner entered a plea of guilty in the United

1

States District Court for the Northern District of West Virginia sitting in Elkins to two counts charging a violation of 18 U.S.C. § 924(c)(1);

4. On July 24, 1992, the defendant was sentenced on his Federal charges to 5 years on Count One and Twenty Years on Count Two to run consecutively. In turn, the entire sentence was ordered to run consecutively to the 100 year sentence imposed by the State of West Virginia;

5. On November 12, 1998, the petitioner filed an action under 28 U.S.C. § 2254, which was dismissed on February 24, 2004;

6. The defendant was paroled by the State of West Virginia and came into Federal custody on September 13, 2017.

The petitioner contends that (1) his Federal sentence should be made concurrent with his state sentence, in which case he would have completed service of both sentences, and (2) the stacked charges under § 924(c) should be removed "per the First Step Act."

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one year limitation period within which to file any federal habeas corpus petition. The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. **Lindh v. Murphy**, 521 U.S. 320 (1997); **Breard v. Pruett**, 134 F.3d 615 (4th Cir.), *cert. denied* 523 U.S. 371 (1998).

The one year period of limitation runs from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Obviously, the date upon which the judgment became final was more than one year ago. The petitioner has failed to identify any impediment to making a motion created by governmental action and has failed to identify a right recognized by the Supreme Court and made retroactive to cases on collateral review. Finally, the fact that his sentence was made retroactive was obvious to the petitioner more than one year ago. Accordingly, this claim is barred **unless** the petitioner can meet the savings clause of § 2255(e), as interpreted by the Fourth Circuit in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).

In addition, as noted above, the petitioner filed a previous petition under § 2255 in 1993. Accordingly, the present petition is a successive petition and the petitioner has not sought permission to file such a petition. This is yet another reason why the petitioner must satisfy the criteria for the savings clause under § 2255(e).

Under *Wheeler*, § 2255 is inadequate and ineffective to test the legality of a sentence when:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply

3

retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429.

It appears that the petitioner is unable to satisfy the requirements of *Wheeler*. There has been no substantive change in the law which pertains to this case. The petitioner relies on Section 403 of the First Step Act of 2018, PL 115-391, 132 Stat 5194, which clarifies the application of 18 U.S.C. § 924(c). Unfortunately for the petitioner, the application of the First Step Act to § 924(c) is limited "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment" [December 21, 2018]. Inasmuch as the petitioner is unable to satisfy the second element of *Wheeler*, he may not take advantage of the savings clause of § 2255(e) and his petition is time-barred.

Upon careful review of the above, it is the opinion of this Court that the § 2241 petition **[Doc. 1]** be **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court. As a final matter, the Motion for Leave to Proceed IFP **[Doc. 2]** is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and

to mail a copy to the *pro se* petitioner.

**DATED:** April 30, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE